**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JENNIFER M. ROLLS, <br><br> *Plaintiff*, <br><br> v. <br><br> TROY E. MEINK, <br> Secretary of the Air Force, <br><br> *Defendant*. | Civil Action No. 26-01591 (AHA) |

## <u>Transfer Order</u>

Jennifer Rolls sues the Air Force Secretary, challenging the decision to involuntarily curtail her active-duty service and seeking a temporary restraining order, preliminary injunction, and 5 U.S.C. § 705 stay to prevent the curtailment from taking effect on May 31, 2026. ECF No. 4 at 1. The Secretary quickly moved to dismiss or transfer the case to the Eastern District of Virginia based on improper venue. ECF No. 8. Given Rolls' emergency motion, the court set expedited briefing on that motion and the government's transfer motion. The court now grants the transfer motion and orders that the case be transferred forthwith to the Eastern District of Virginia for resolution of all further matters in the case.

Venue is proper in "any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). If a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to dismiss or

transfer "rests within the sound discretion of the district court." *Beckford v. Esper*, No. 18-cv-940, 2018 WL 4778930, at \*2 (D.D.C. Oct. 3, 2018) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983)). And "the interest of justice generally requires transfer" rather than dismissal. *Id.* (quoting *Ellis-Smith v. Sec'y of Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011)).

Here, neither Rolls nor the Secretary resides in this district. Rolls lives in the Eastern District of Virginia and is a resident of either Virginia or Nevada for venue purposes. *See* ECF No. 3 at 1; ECF No. 4-1 at 15–16; ECF No. 4-3 at 2. The Secretary resides in the Eastern District of Virginia. *See* ECF No. 8 at 3–4; *Nader v. Sec'y of the Air Force*, 648 F. Supp. 3d 64, 68 (D.D.C. 2022) ("The Secretary of the Air Force's residence is . . . the residence of the Air Force itself. And the Air Force resides at the Pentagon, which is located in Arlington, Virginia, not the District of Columbia."). So venue is proper in D.C. only if "a substantial part of the events or omissions giving rise to the claim occurred" here. 28 U.S.C. § 1391(e)(1).

That is not the case. Rolls' claims challenge the decision to involuntarily curtail her active-duty service and the process (or lack thereof) provided with respect to that decision. *See* ECF No. 3 ¶¶ 75–112. That process was initiated in January 2026, when Rolls was working in the Eastern District of Virginia. *See* ECF No. 3 ¶ 42; ECF No. 10 at 3, 5; ECF No. 13 at 2. The Secretary represents, and Rolls does not rebut, that the involuntary curtailment decision was made in the Eastern District of Virginia. *See* ECF No. 13 at 5. To be sure, as Rolls argues, some of the conduct she describes happened in D.C. According to her filings, Rolls worked in D.C. for substantial periods over the last seven years and made complaints before she was moved to the Eastern District of Virginia. *See* ECF No. 10 at 1–4. And she asserts that her team's primary worksite moved to D.C. again one day before the Air Force's personnel office issued an amended order that reflected her involuntary curtailment. *See id.* at 3, 5. But the fact remains that the curtailment decision was

made in the Eastern District of Virginia, Rolls worked there when the events giving rise to her claims occurred, and no "substantial part" of those events happened in D.C. Venue is accordingly improper here under 28 U.S.C. § 1391(e)(1). But venue is proper in the Eastern District of Virginia, where the Secretary resides.[1]

The court therefore grants the Secretary's motion to transfer based on improper venue and denies the Secretary's motion to dismiss. ECF No. 8. The clerk of court is directed to transfer this case to the Eastern District of Virginia forthwith.

AMIR H. ALI
United States District Judge

Date:    May 21, 2026

---

[1]    For similar reasons, even if venue were proper here, the court would exercise its discretion to transfer the case based on an individualized determination of "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). There is no question the case could have been brought in the Eastern District of Virginia—the Secretary resides there. Public interests favor transfer given that's where most of the operative events occurred, that district's familiarity with suits against the Air Force Secretary, and relative court congestion. *See Correll v. U.S. Pat. & Trademark Off.*, No. 25-cv-1169, 2026 WL 310024, at *4 (D.D.C. Feb. 5, 2026) (reviewing recent statistics and concluding "courts in the Eastern District of Virginia are on average slightly less congested than this Court, which minorly weighs in favor of transfer"). And private factors lean that way too, given Rolls lives in the Eastern District of Virginia, the Secretary resides there, and the claims largely arose there. *See Alaska Indus. Dev. & Exp. Auth. v. U.S. Dep't of Interior*, No. 23-cv-3126, 2024 WL 756602, at *5 (D.D.C. Feb. 23, 2024) (noting that the plaintiff's choice of forum is entitled little deference when the defendant seeks transfer to a forum where the plaintiff has "substantial ties" and to which the "subject matter of the lawsuit is connected" (quoting *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 17 (D.D.C. 1996))).